UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MARILYN LABOY FIGUEROA,

                Plaintiff,

-v-
                                            CIVIL ACTION NO.: 22 Civ. 3759 (SLC)

COMMISSIONER OF SOCIAL SECURITY,          **OPINION AND ORDER**

                Defendant.

**SARAH L. CAVE**, United States Magistrate Judge.

## I. INTRODUCTION

Before the Court is a motion, filed by Charles E. Binder, Esq. ("Binder"), counsel for Plaintiff Marilyn Laboy Figueroa ("Plaintiff"), for attorneys' fees in the amount of $9,953.00 (the "Requested Fees") pursuant to a contingency fee agreement (the "Agreement") and Section 406(b) of the Social Security Act, 42 U.S.C. § 406(b)(1) (the "Act"). (ECF No. 18 (the "Motion")). For the reasons set forth below, the Motion is GRANTED IN PART and DENIED IN PART. The Court awards attorneys' fees to Binder in the amount of $4,050.00 under Section 406(b) and orders Binder to refund Plaintiff $634.20 in previously awarded attorneys' fees.

## II. BACKGROUND

On December 7, 2015, Plaintiff filed an application for Supplemental Security Income Benefits alleging disability based on several medical and psychological conditions. (ECF Nos. 12 at 102; 12-2 at 54). The next day, the Social Security Administration appointed Thomas A. Klint, Esq. to represent Plaintiff for the purposes of her application. (ECF No. 12-1 at 13, 15). After her

claim was denied, Plaintiff requested a hearing before an Administrative Law Judge ("ALJ"). (ECF No. 12-1 at 29–30; see ECF No. 12 at 298). An ALJ held a hearing on October 3, 2017, and in a decision dated November 20, 2017, found Plaintiff not disabled (the "First ALJ Decision"). (See ECF No. 12 at 212–226, 298). Plaintiff timely sought review by the Appeals Council, which remanded the case, and a second hearing was held on September 25, 2020. (ECF No. 12 at 90). A second ALJ also found Plaintiff not disabled in a decision dated February 2, 2021 (the "Second ALJ Decision"). (Id. at 90–102). In May 2021, Plaintiff retained Binder to represent her. (ECF No. 12 at 58; see ECF No. 20 ¶¶ 1–2). In March 2022, the Appeals Counsel denied Plaintiff's request for review of the Second ALJ Decision, which thus became the final decision of the Commissioner. (ECF No. 12 at 7–10).

On March 30, 2022, Plaintiff executed a "Retainer and Assignment[,]" in which she agreed to Binder representing her for purposes of filing an action in this Court and which incorporated the terms of the Agreement. (ECF No. 20-1 at 2–3). The Agreement specified that Binder could seek up to twenty-five percent of any award of past-due benefits ordered by this Court, the Second Circuit, or the Social Security Administration. (Id.)

On May 9, 2022, Plaintiff commenced this action. (ECF No. 1). The parties stipulated to remand the case for further proceedings (ECF No. 13), and in a Stipulation and Order dated September 9, 2022, the Court remanded the case to the Commissioner for that purpose. (ECF No. 14). The Court later ordered that Plaintiff be awarded attorneys' fees under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA") in the amount of $634.20. (ECF No. 17).

Following remand, on October 11, 2023, an ALJ held a third hearing, found that Plaintiff was disabled since December 7, 2015, and awarded her $79,624.00 in past-due benefits (the "Third ALJ Decision"). (ECF Nos. 20 ¶ 5; 20-1 at 7–8).

On April 18, 2024, Binder filed the Motion, seeking the Requested Fees, which represent 12.5% of Plaintiff's past-due benefits. (ECF Nos. 18–19). In his affirmation accompanying the Motion, Binder represented that he and his associate expended a total of 2.7 hours litigating Plaintiff's federal case, and that if the Court were to award him fees under the Act greater than the amount of the EAJA fees already awarded, he would refund Plaintiff the EAJA fees. (ECF No. 20 ¶¶ 7, 9). The Commissioner filed a letter stating its non-objection to the Motion. (ECF No. 21 (the "Response")).[1]

### III. DISCUSSION

#### A. Legal Standard

Section 406(b) of the Act provides that a court may award a "reasonable fee . . . not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled[.]" 42 U.S.C. § 406(b). If the contingency percentage is within the 25% cap, and there is no evidence of fraud or overreaching in making the agreement, a district court should evaluate the agreement for reasonableness. See Fields v. Kijakazi, 24 F.4th 845, 853 (2d Cir. 2022).[2]

---

[1] In the Response, the Commissioner states that he "neither supports nor opposes" Binder's request for attorneys' fees under 42 U.S.C. § 406(b). (ECF No. 21 at 1). Rather, the Commissioner asks that if the Court authorizes the fee, it should "decline to include language directing that the Commissioner 'pay' the award" and instead asks that the Court "specifically indicate that any amount it authorizes in § 406(b) fees is to be paid out of Plaintiff's past-due benefits in accordance with agency policy." (Id. at 3–4).
[2] Internal case citations and quotation marks are omitted unless otherwise indicated.

3

To determine whether a requested fee is reasonable, a district court should consider "(a) the character of the representation and the result the representative achieved," (b) whether counsel was responsible for a delay that unjustly allowed counsel to obtain a percentage of additional past-due benefits, and (c) whether the requested amount is so large in comparison to the time that counsel spent on the case "as to be a windfall to the attorney." Fields, 24 F.4th at 849, 853. To analyze the third factor, i.e., whether the fee would constitute a "windfall," the Second Circuit has instructed courts to "consider more than the de facto hourly rate" because "even a relatively high hourly rate may be perfectly reasonable, and not a windfall, in the context of any given case." Id. at 854. Courts should consider: (1) "the ability and expertise of the lawyers and whether they were particularly efficient, accomplishing in a relatively short amount of time what less specialized or less well-trained lawyers might take far longer to do[,]" (2) "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" (3) "the satisfaction of the disabled claimant[,]" and (4) "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result." Id. at 854–55. A district court may reduce the amount provided for in a contingency fee agreement "only when it finds the amount to be unreasonable" after considering all these factors. Id. at 852–53; see Munoz v. Comm'r of Soc. Sec., No. 20 Civ. 2496 (KAM), 2023 WL 5310742, at *1 (E.D.N.Y. Aug. 17, 2023) (summarizing Fields factors); Hill v. Comm'r of Soc. Sec., No. 20 Civ. 3821 (PKC), 2023 WL 4827265, at *2 (E.D.N.Y. July 27, 2023) (same); Kearney v. Saul, No. 20 Civ. 5439 (JMF) (KHP), 2023 WL 4665126, at *2–3 (S.D.N.Y. July 5, 2023) (applying Fields analysis).

In addition, if a court awards fees to a claimant's attorney under both the EAJA and Section 406(b), the attorney must refund to the claimant the amount of the smaller fee. See Gisbrecht v. Barnhart, 535 U.S. 789, 796 (2002); Wells v. Brown, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); Hill, 2023 WL 4827265, at *3 (collecting cases).

### B. Application

#### 1. Timeliness

The Court finds, and the Commissioner does not dispute, that the Motion, which was filed nine days after Binder's receipt of the benefits award, is timely. (ECF No. 20 at 1). See Sinkler v. Berryhill, 932 F.3d 83, 85 (2d Cir. 2019) (holding that 14-day filing period for seeking attorneys' fees in Fed. R. Civ. P. 54(d)(2)(B) applies to Section 406(b) applications and runs from counsel's receipt of award notice); accord Johnson v. Kijakazi, No. 20 Civ. 2630 (BCM), 2022 WL 17718336, at *5 (S.D.N.Y. Dec. 15, 2022).

#### 2. Reasonableness

The Agreement between Plaintiff and Binder permits Binder to receive up to 25% of Plaintiff's past-due benefits. (ECF No. 20-1 at 2–3). This percentage does not exceed the statutory cap in Section 406(b), there are no allegations of fraud or overreaching with respect to the Agreement, and the record does not reflect any purposeful delay by Binder throughout these proceedings. (See generally ECF No. 21). In addition, through Binder's representation, Plaintiff "obtained positive results" in the form of an award of $79,624.00 in past-due benefits. (ECF No. 20-1 at 51). See Gomez v. Comm'r of Soc. Sec., No. 19 Civ. 9278 (PMH), 2023 WL

7185384, at *2 (S.D.N.Y. Nov. 1, 2023) (noting that counsel "obtained positive results" for client by "securing a remand to the Commissioner" and winning past-due benefits).

The Court thus turns to the only remaining question: whether the Requested Fees are reasonable, i.e., whether they are "so large as to be a windfall[.]" Wells v. Sullivan, 907 F.2d 367, 372 (2d Cir. 1990). The Court's analysis turns not solely on the de facto hourly rate but must consider the four Fields factors, set forth above. See Fields, 24 F.4th at 854–55. Here, Binder seeks 12.5%, rather than 25%, of Plaintiff's past-due benefits, but having expended only 2.7 hours of work, the Requested Fees reflect an effective hourly rate of $3,686.30.[3] As set forth below, while some of the Fields factors weigh in Binder's favor, on balance, the Court finds the Requested Fees unreasonable and reduces the amount accordingly.

### a. Binder's Ability and Expertise

As to the first windfall factor, "the ability and expertise of the lawyers, and whether they were particularly efficient," Fields, 24 F.4th at 854, the Court recognizes that Binder, who has "almost exclusively" represented benefits claimants at both the federal and administrative levels (ECF No. 20 ¶ 10), is an experienced benefits practitioner, as other courts in this Circuit have recognized. See, e.g., Jones v. Comm'r of Soc. Sec., No. 21 Civ. 4156 (SDA), 2023 WL 7042641, at *2 (S.D.N.Y. Oct. 26. 2023) (calling Binder "an experienced litigator in Social Security cases"). The Court also recognizes, however, that Binder's representation of Plaintiff, while efficient, required far less time than the amount typically deemed reasonable for a Social Security appeal in federal court. See Bass v. Kijakazi, No. 16 Civ. 6721 (JCM), 2022 WL 1567700, at *4 (S.D.N.Y. May 18, 2022) ("District courts within this circuit endorse a twenty to forty-hour range as reasonable for

---

[3] $9,953.00 / 2.7.

a typical Social Security disability appeal in federal court."); Hennelly v. Kijakazi, No. 20 Civ. 4786 (JGK), 2023 WL 3816961, at *2 (S.D.N.Y. June 5, 2023) (finding 31.9 hours reasonable); Flynn v. Saul, No. 18 Civ. 2686 (VSB) (OTW), 2023 WL 2815120, at *2 (S.D.N.Y. Mar. 17, 2023) (finding 34.6 hours reasonable), adopted by 2023 WL 2812701 (S.D.N.Y. Apr. 6, 2023); Colon v. Comm'r of Soc. Sec., No. 19 Civ. 2880 (KHP), 2023 WL 2237540, at *2 (S.D.N.Y. Feb. 27, 2023) (finding that 33.1 attorney hours reflected "an efficient use of attorney time"); Sestito v. Comm'r of Soc. Sec., No. 20 Civ. 3538 (PKC), 2022 WL 14760733, at *3 (E.D.N.Y. Oct. 25, 2022) (finding that 35.6 hours was reasonable); Sink v. Comm'r of Soc. Sec., No. 16 Civ. 1094 (NSR) (PED), 2020 WL 6827839, at *2 (S.D.N.Y. Nov. 20, 2020) (finding 30.5 hours was reasonable); but see Springer v. Comm'r of Soc. Sec., No. 19 Civ. 2032 (RRM), 2023 WL 2711313, at *4 (E.D.N.Y. Mar. 20, 2023) (finding 9.1 hours reasonable). As the Second Circuit has explained, a "windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort[.]" Fields, 24 F.4th at 856. Because this appears to be such a case, the Court concludes that this factor warrants a reduction in the fee award.

### b. The Nature and Length of the Professional Relationship

As to the second windfall factor, "the nature and length of the professional relationship with the claimant—including any representation at the agency level[,]" Fields, 24 F.4th at 855, the Court recognizes that Binder represented Plaintiff at the agency level starting on or about May 20, 2021. (ECF No. 12 at 33). Often, representation at the agency level indicates a more extensive relationship that may enable an attorney to advocate more efficiently for a plaintiff before this Court. See Munoz, 2023 WL 5310742, at *3 (finding that this factor "justifie[d] a downward adjustment" where attorney did not represent claimant at agency level). Here,

7

though, Binder did not represent Plaintiff during the entire agency proceedings, as was the case in Fields.  See Fields, 24 F.4th at 855.  This factor, then, also warrants a reduction in the fee award. See Susca v. O'Malley, 20 Civ. 9592 (AT) (VF), 2024 WL 3905663, at *4 (S.D.N.Y. Aug. 1, 2024) ("[Counsel] began its representation of Plaintiff several years after her past-due benefits started to accrue, which is another reason why the de facto hourly rate is unreasonable.").

### c. Satisfaction of the Disabled Claimant

As to the third windfall factor, "the satisfaction of the disabled claimant[,]" Fields, 24 F.4th at 855, the Court finds that Binder "achieved a desirable result for Plaintiff."  Munoz, 2023 WL 5310742, at *3.  Although Plaintiff has not submitted any statement supporting or opposing the Motion, Plaintiff received a substantial award of $79,624.00 in past benefits owed since 2015. (ECF No. 20-1 at 51).  Thus, this factor does not warrant any reduction.  See Munoz, 2023 WL 5310742, at *3; Hill, 2023 WL 4827265, at *4; Colon, 2023 WL 2237540, at *2.

### d. Uncertainty of Success

As to the fourth windfall factor, "how uncertain it was that the case would result in an award of benefits and the effort it took to achieve that result[,]" Fields, 24 F.4th at 855, the Court notes that when Plaintiff retained Binder in 2021, achieving a substantial award of past due benefits was not certain.  Plaintiff's prior counsel had litigated her disability claims for over five years, without success, before Binder undertook to represent Plaintiff in May 2021.  (ECF No. 12 at 33).  Under these circumstances, the Court concludes that Binder's skills and experience were important factors in securing a favorable result for Plaintiff.  See Antoine v. Kijakazi, No. 19 Civ. 1843 (RRM), 2023 WL 10554626, at *5 (E.D.N.Y. Dec. 28, 2023) (finding that "success in [a] case was far from certain" where prior counsel had represented claimant for three years without

success and plaintiff was not awarded benefits until remand following cross-motions for judgment on the pleadings); see also Gutierrez v. Saul, No. 20 Civ. 3061 (OTW), 2023 WL 4118122, at *2 (S.D.N.Y. June 21, 2023) (finding uncertainty where claimant's application for benefits had been denied for nearly ten years at agency level); Hennelly, 2023 WL 3816961, at *3 (finding uncertainty where claimant's application for benefits had been denied at agency level); Demola v. Comm'r of Soc. Sec., No. 18 Civ. 5281 (FB), 2023 WL 2914941, at *1 (E.D.N.Y. Apr. 12, 2023) (finding that "there was uncertainty as to whether [claimant] would be found disabled after his claim was initially denied at the administrative level"); Giacoio v. Comm'r of Soc. Sec., No. 20 Civ. 741 (KHP), 2023 WL 2301423, at *2 (S.D.N.Y. Mar. 1, 2023) (finding uncertainty where claimant was initially denied benefits and was not found disabled until further proceedings following stipulated remand).  Thus, this factor does not warrant downward adjustment.

### e. Binder's Requested Award Would Constitute a Windfall

While some of the Fields factors weigh in Binder's favor, on balance, the Court finds that a reduction of the Requested Fees is warranted.  The de facto hourly rate at which Binder would be paid falls far above even some of the highest attorneys' fees awarded in the Second Circuit. See Fields, 25 F.4th at 856 n.10 (collecting cases awarding de facto hourly rate between roughly $1,300.00 and $2,100.00); see also Baron v. Astrue, 311 F. Supp. 3d 633, 637–38 (S.D.N.Y. 2018) (citing cases finding reasonable hourly rates between $1,072.17 and $2,100); Hill, 2023 WL 4827265, at *3–4 (finding de facto hourly rate of $1,467.30 to be reasonable); Ricciardi v. Comm'r of Soc. Sec., No. 19 Civ. 3304 (MKB), 2022 WL 1597401, at *4–5 (E.D.N.Y. May 19, 2022) (approving de facto hourly rate of $1,528.56); Bate v. Berryhill, No. 18 Civ. 1229 (ER), 2020 WL 728784, at *3 (S.D.N.Y. Feb. 13, 2020) (approving de facto hourly rate of $1,506.32); Sink, 2020

9

WL 6827839, at *3 (approving de facto hourly rate of $1,467.00); McEneany v. Comm'r of Soc. Sec., No. 21 Civ. 10370 (LGS) (SLC), 2023 WL 9796621, at *3–4 (S.D.N.Y. Nov. 17, 2023) (finding the requested fees which resulted in a de facto hourly rate of $1,675.40 unreasonable and lowering the award accordingly to reflect a $1,500.00 de facto hourly rate), adopted by 2024 WL 815984 (S.D.N.Y. Feb. 27, 2024).

While a high de facto hourly rate should not be determinative in a Court's ruling on a downward adjustment, Fields, 24 F.4th at 854, the Court finds, as discussed above, that the "low total number of hours" Binder expended in the federal court proceedings is "noteworthy." Susca, 2024 WL 3905663, at *4 (citing Rebecca S. v. Comm'r of Soc. Sec., No. 20 Civ. 1480 (FPG), 2022 WL 2662970, at *2 (W.D.N.Y. Jul. 11, 2022)).  Twenty to forty hours is typical for Social Security disability appeals, see, e.g., Bass, 2022 WL 1567700, at *4, and courts in this District have found cases involving hours lower than that range to suggest that the circumstances "did not require the kind of vigorous representation which could justify the high de facto hourly rate sought here." Susca, 2024 WL 3905663, at *4; see also Rebecca S., 2022 WL 2662970, at *2; Colon v. Berryhill, No. 15 Civ. 6314 (PKC), 2018 WL 1730335, at *3 (E.D.N.Y. Apr. 9, 2018) (finding that the 2.4 hours expended by Binder—as opposed to the 19.4 hours expended by his co-counsel—was a "relatively modest amount of work[,]" such that a windfall would be present if Binder were awarded requested fees absent downward adjustment).

As the Second Circuit has explained, a "windfall is more likely to be present in a case . . . where the lawyer takes on a contingency-fee representation that succeeds immediately and with minimal effort, suggesting very little risk of nonrecovery." Fields, 24 F.4th at 856.  For these reasons, the Court finds that the Requested Fees—representing de facto hourly rate of

10

$3,686.30—would constitute a windfall to Binder in this case, and thus, a reduction in the award of attorneys' fees to $4,050.00, resulting in a de facto hourly rate of $1,500.00 for the 2.7 hours expended, is warranted.  See McEneany, 2024 WL 815984, at *1.

Finally, as he acknowledges, Binder must refund to Plaintiff the EAJA Fees in the amount of $634.20.  (ECF No. 19 at 4).  See Wells v. Bowen, 855 F.2d 37, 48 (2d Cir. 1988) ("Once appropriate fees under 42 U.S.C. § 406(b) are calculated, the district court should order [the attorney] to return the lesser of either that amount or the EAJA award to his clients."); Munoz, 2023 WL 5310742, at *3 (ordering plaintiff's attorney to "remit the [amount] received pursuant to the EAJA to Plaintiff"); Hill, 2023 WL 4827265, at *4 (same).

### IV. CONCLUSION

For the reasons set forth above, the Motion is GRANTED IN PART and DENIED IN PART as follows:

1. Binder is awarded attorneys' fees of $4,050.00 pursuant to Section 406(b), to be paid out of Plaintiff's past-due benefits in accordance with agency policy; and

2. Binder is ordered, within five (5) business days of receipt of the attorneys' fees pursuant to Section 406(b), to (a) refund to Plaintiff the $634.20 in attorneys' fees previously awarded under the EAJA, and (b) file on the docket a declaration confirming such refund.

Dated:   New York, New York
         December 9, 2024                                SO ORDERED.

_____
**SARAH L. CAVE**
**United States Magistrate Judge**

11